IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. POLK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:10cv840-WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff William M. Polk applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*.  His applications were denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

---

[1]    Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human

1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #14); Def.'s Consent to Jurisdiction (Doc. #13). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of

---

Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

   [2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>   Impairments]
>   (4) Is the person unable to perform his or her former occupation?
>   (5) Is the person unable to perform any other work within the economy?
>
>   An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4]     *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-four years old on the alleged disability onset date and had at least a high school education. Tr. 19. Plaintiff's past work experience was as a mechanic, construction worker, sewing machine operator, cutter, and material handler at a sewing machine factory. Tr. 29-31. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "including degenerative disc disease with left radiculitis, coronary artery disease, hypertension, non post-stenting elevation myocardial infarction, and alcoholism." Tr. 15. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 16. Next, the ALJ found that Plaintiff retained the "residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he requires an option to sit and stand during the work day. Further, the claimant can occasionally bend, balance, stoop, kneel, crouch, and crawl." Tr. 16. The ALJ then found that Plaintiff is unable to perform past relevant work. (Step 4) Tr. 18. The ALJ next found that, "[c]onsidering the

claimant's age, education, work experience, and [RFC]," and after consulting a vocational expert, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 19. The ALJ identified the following occupations as examples: "calibrator," "product line assembler," and "gas meter reader." *Id*. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from October 1, 2005, through the date of this decision." Tr. 20.

## IV.  PLAINTIFF'S CLAIM

Plaintiff's sole claim is that "the ALJ committed reversible error by failing to evaluate medical opinions of record." Pl.'s Brief (Doc. #10) at 3. Specifically, Plaintiff argues that the ALJ erred when he failed to "denote" or evaluate the opinion expressed by Dr. Douglas that Plaintiff was "unable to work." Pl.'s Brief (Doc. #10) at 3. He also asserts that the opinion of Dr. Brizendine supported Dr. Douglas's opinion. *Id*. Plaintiff's argument is based on the correct notion that an ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

The problem for Plaintiff, however, is that neither Dr. Douglas's conclusion that Plaintiff was unable to work, nor the statement in Dr. Brizendine's treatment notes that Plaintiff cannot work are medical opinions. In the case of Dr. Douglas, Plaintiff points this court to a "Patient Charity Care Application" wherein Dr. Douglas circled the terms "6-months" in answer to the question: "What is the estimated time frame that you expect the

6

patient to be unable to work?" Tr. 213. According to the applicable regulations, a declaration that Plaintiff is unable to work is not considered a "medical opinion" to be considered by the ALJ. 20 C.F.R. § 404.1527(e)(1). Instead, the issue of ability to work is reserved for the Commissioner. *Id. See also, Lanier v. Comm'r of Social Sec.*, 252 F. App'x 311, 314 (11th Cir. 2007). Furthermore, there is no context surrounding Dr. Douglas's statement. As the Commissioner rightly notes:

> There is no indication in the record that Dr. Douglas ever reviewed Plaintiff's medical records, much less examined or treated Plaintiff. This questionnaire did not include any information concerning symptoms, diagnoses, prognoses, what Plaintiff could still do despite his impairments, or any specific restrictions on Plaintiff's activities (Tr. 213).

Def.'s Brief (Doc. #11) at 7. While there is a standard and process for the rejection of a treating physician's opinion, here, Dr. Douglas's statement is not an opinion, and he is not a treating physician.[5] And, as the statement by Dr. Douglas lacks any evidentiary support, the ALJ was free to disregard the statement. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir.1985) (An ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion."). Again, because Dr. Douglas was not a treating physician, the ALJ was not bound by the strict requirements for the rejection of a treating source's opinion. This court then evaluates the ALJ's implicit rejection of Dr. Douglas's statement to determine if

---

[5] A "treating source" (i.e., a treating physician) is a claimant's "own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, ***an ongoing treatment relationship with you.***" 20 C.F.R. § 404.1502 (emphasis added).

it is supported by substantial evidence, and finds that it does.[6]

In the case of Dr. Brizendine's treatment notes, the court finds Plaintiff's arguments to be without merit. In offering evidentiary support for Dr. Douglas's statement, Plaintiff states: "Dr. Brizendine expressed that [Plaintiff's] chronic back pain has been present 'for nineteen to twenty years but does seem to be *progressive* over the past several years so **that he cannot work**' (Tr. 236)." Pl's Brief (Doc. #10) at 3 (emphasis in original). Plaintiff makes this argument by taking this "treatment note" out of context. The above quote from Dr. Brizendine appears in the Plaintiff's history notes, titled "Interval History" and consists of information regarding Plaintiff's history and subjective complaints. It is not an opinion made by Dr. Brizendine, but rather an allegation made by Plaintiff to the doctor and then recorded as part of the patient history.[7] Accordingly, the ALJ would have no duty to address Plaintiff's subjective statements to his doctor that he cannot work and the court finds no error.

## VI.   CONCLUSION

---

[6] In making this determination, this court notes that Plaintiff fails to offer any evidentiary support for Dr. Douglas's opinion other than Dr. Brizendine's treatment notes.  The court will address those notes below.  In addition, the court also finds it significant that Dr. Douglas chose to answer the questionnaire by circling "6-months" rather than choosing a longer period of time. As Defendant rightly points out, "[a] disability is defined as the 'inability to engage in any substantial gainful activity by reason of any . . . impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of **not less than 12 months**.' 42 U.S.C. § 423(d)(1)(A) (emphasis added)." Def.'s Brief (Doc. #11) at 7-8.

[7] Of course, even if it were an opinion, the above analysis would apply to the statement that Plaintiff "cannot work."

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED. A separate judgment will issue.

DONE this 14th day of September, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE